In this suit to foreclose a mortgage, the mortgagors named as defendants ask the court to exonerate them from any liability for a deficiency on the bond.
The premises in the suit consisted of a tract of land on which were certain buildings. The mortgagors conveyed the premises and the grantees in turn conveyed them to the present owner of the equity. The last owner allowed the buildings on the land to become dilapidated and run down and the buildings were ultimately demolished.
Subsequently, this foreclosure suit was started, and all the defendants defaulted except the mortgagors, who set up by way of answer and counter-claim alleging in substance that the large part of the security of the mortgage consisted of the buildings, that the value of the security had been greatly depreciated by reason of demolition of the buildings, and that the mortgagee permitted and allowed the final owner to demolish the buildings.
A motion to strike the answer and counter-claim was denied as to these allegations and the court retained these issues for determination at the final hearing.
In substance, the mortgagors claim that they are entitled to relief from any liability on the bond by reason of a deficiency because of the waste committed on the premises by the final owner with knowledge and consent of the mortgagee.
The mortgagors have not satisfactorily proven their allegations that the acts of waste were committed with the consent of the mortgagee. Placing the most favorable construction upon the testimony to prove consent, the most it seems to show is that the mortgagee may have had some reason to believe that the buildings were being allowed to deteriorate, and stood somewhat passively by during the later stages of this process. The statement attributed to her that she looked to the land as security, does not necessarily mean that she *Page 537 
was willing that the buildings be demolished, but may have been simply an expression of opinion that in any event her security was ample.
There seems to be no rule of law requiring that a mortgagee must bring a suit restraining waste, or in the alternative, assume the loss by reason of waste upon the mortgaged premises.
In the absence of proof of actual consent by the mortgagee, the relief prayed for by the mortgagors must be denied.